UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

SHAUN GOURDINE,

    Plaintiff,

v.

SYNCHRONY BANK/FRAUD UNIT,

    Defendant.

No. 19-cv-17158 (KM/JBC)

OPINION

## KEVIN MCNULTY, U.S.D.J.:

### I. Introduction

Plaintiff Shaun Gourdine brings this lawsuit against Synchrony Bank alleging unauthorized disclosure of credit information concerning an account in collections. Now before the court is the motion (DE 3) of defendant Synchrony Bank to dismiss the complaint for failure to state a claim upon which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6). The plaintiff has not filed a response to the motion.

The complaint (DE 1-1) was filed in small claims court in Union County, New Jersey, and removed to this Court by the defendant. The operative allegations of the complaint, quoted in their entirety, are as follows:

> DEFENDANT CAUSED PLAINTIFF THE SAME PERSONAL INJURY AS IN SELLERS v. BUREAU of PRISONS 959 F 2d 307 (D.C. Cir 1992) BY MAINTAINING AND PROVIDING THE PUBLIC WITH INCORRECT INFORMATION ABOUT PLAINTIFF CREDIT FILE AND REFUSE TO UPDATE AND CORRECT IT (please review procedural history) THANK YOU
>
> . . . .
>
> PROCEDURAL HISTORY
>
> SHAUN GOURDINE vs. SYNCB/TOYS R US

JUNE 19, 2019 DEFENDANT PROVIDED THE PUBLIC AND CREDIT BUREAU'S WITH NEGATIVE INFORMATION STATING PLAINTIFF HAD AN OPEN COLLECTION ACCOUNT# 6045861001891760 TOTALING THE AMOUNT OF $675.00 WITH THEM. DEFENDANT FAIL TO PROVIDE THE EXECUTED CONTRACT SIGNED BY PLAINTIFF. PLAINTIFF CONTACTED DEFENDANT ON NUMEROUS OCASSIONS AND DEFENDANT FAIL TO STOP REPORTING THIS NEGATIVE INFORMATION OR STOP BILLING PLAINTIFF FOR THIS COLLECTION ACCOUNT.

RELIEF SOUGHT

1. ORDER DEFENDANTTO ISSUE A LETTER STATING THEIR NEGATIVE SUBMISSIONS ABOUT PLAINTIFF FAILING TO

PAY THEM $675.00 ACCOUNT If 6045861001891760 WAS AN ERROR AND MUST BE REMOVED FROM PLAINTIFF CREDIT REPORT.

2. ORDER DEFENDANT TO PAY PLAINTIFF $3,000.00 FOR INJURIES THEY CAUSED PLAINTIFF TO SUFFER, PLAINTIFF WAS HARRASSED AND EMBARRASSED BY DEFENDANT.

3. ORDER DEFENDANT TO REIMBURSE DEFENDANT OF ALL FILING FEES AND COURT COST.

(DE 1-1)

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The defendant, as the moving party, bears the burden of showing that no claim has been stated. *Animal Science Products, Inc. v. China Minmetals Corp.*, 654 F.3d 462, 469 n. 9 (3d Cir. 2011). For the purposes of a motion to dismiss, the facts alleged in the complaint are accepted as true and all reasonable inferences are drawn in favor of the plaintiff. *New Jersey Carpenters & the Trustees Thereof v. Tishman Constr. Corp. of New Jersey*, 760 F.3d 297, 302 (3d Cir. 2014).

Federal Rule of Civil Procedure 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and

conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the complaint's factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, so that a claim is "plausible on its face." *Id.* at 570; *see also West Run Student Hous. Assocs., LLC v. Huntington Nat'l Bank*, 712 F.3d 165, 169 (3d Cir. 2013). That facial-plausibility standard is met "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' . . . it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678.

Where a plaintiff, is proceeding pro se, the complaint is generally "to be liberally construed," and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013); *see also Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010).

Not surprisingly, the plaintiff—who filed his complaint in small claims court—did not anticipate that he would be called upon to comply with federal pleading standards. Consequently, although I am dismissing the complaint, I will do so without prejudice to the submission, within 30 days, of an amended complaint that clearly states a federal cause of action.

## II. Discussion

The complaint implies, but does not state, that it is brought under the Privacy Act of 1974, 5 U.S.C. § 552a. Mr. Gourdine states that, by maintaining or disseminating incorrect credit information, Synchrony Bank "CAUSED PLAINTIFF THE SAME PERSONAL INJURY AS IN SELLERS v. BUREAU of PRISONS 959 F 2d 307 (D.C. Cir 1992)." That case, *Sellers v. Bureau of Prisons*,

959 F.2d 307 (D.C. Cir. 1992), was a claim under the Privacy Act, brought by a federal prisoner against the U.S. Bureau of Prisons and the Parole Commission.

The Privacy Act, however, applies only to claims against the federal government and its agencies. *See* 5 U.S.C. § 552a, 551(1). Thus the U.S. Court of Appeals for the Third Circuit, affirming my dismissal of a Privacy Act claim against a private company, held as follows:

> El's amended complaint primarily relies on statutes which regulate government actors. First, the Privacy Act of 1974 and its implementing regulations at 49 C.F.R. § 802.7(d) and (e) relate to how federal agencies collect, use, and disseminate private information about individuals. See 5 U.S.C. § 552a.

*El v. Marino*, 722 F. App'x 262, 265 (3d Cir.), *cert. denied sub nom. LeJon-Twin El v. Marino*, 138 S. Ct. 2609 (2018). *See also Schwier v. Cox*, 340 F.3d 1284, 1287 (11th Cir. 2003).

Like the plaintiff in *El v. Marino*, Mr. Gourdine asserts a Privacy Act claim against a private company. The Privacy Act, however, applies only to federal agencies. Any Privacy Act claim, then, is dismissed as a matter of law.

Mr. Gourdine alleges that there is incorrect information on his credit report, for which he blames Synchrony Bank. Such a claim superficially resembles one that might be brought under the Fair Credit Reporting Act, ("FCRA"), 15 U.S.C. § 1681s-2(b). The complaint does not allege, however, that Synchrony Bank is a Credit Reporting Agency (and the Bank's motion plausibly suggests that it is not), which would be the proper defendant for such an action. *See* 15 U.S.C. § 1681s-2(b); *Huertas v. Galaxy Asset Mgmt.*, 641 F.3d 28, 34 (3d Cir. 2011).

## CONCLUSION

The defendant's motion to dismiss the Complaint is therefore GRANTED without prejudice to the submission, within 30 days, of an amended complaint that remedies the deficiencies identified above and states a federal cause of

action. Alternatively, the plaintiff may refile his complaint in State court citing any State-law cause of action he may have.

Dated: October 28, 2019

HON. KEVIN MCNULTY, U.S.D.J.